**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Alberto Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Pindernation Holdings LLC**, et al., <br><br> Defendants. | No. 2:23-cv-00001-SRB <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Alberto Garcia ("Plaintiff"), respectfully requests that the Court enter judgment by default against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) (collectively "Defendants").

**I.     Procedural History.**

Plaintiff filed his Complaint seeking unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA") against Defendants on January 5, 2023. (Doc. 1). Lord Pindernation (aka Michael Pinder) was

served for himself and Pindernation Holdings LLC on January 18, 2023.  (Docs. 5-6).  Defendants' Answers were due on February 8, 2023.  Defendants have failed to plead or otherwise defend and are now in default.  The Clerk of the Court entered default against Defendants on February 13, 2023.  (Doc. 9).  Plaintiff now seeks default judgment against Defendants.  In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

## II.     Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a party has been defaulted, a court may enter a default judgment.  Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

### III. Argument

#### A. Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

##### 1. Possibility of Prejudice to the Plaintiff.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of her claims, and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint. Though Plaintiff's counsel has had multiple telephone calls with Defendant Lord Pindernation (aka Michael Pinder), Defendant Lord Pindernation (aka Michael Pinder) has declined to address the currently entered default against Defendants. Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

### 2.   The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3.   The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176.

Plaintiff worked for Defendants as a journeyman and electrician from about October 11, 2022, through about December 2, 2022. Ex. A, at ¶¶ 3-7. Plaintiff's agreed-upon rate of pay was $27 per hour. *Id.* at ¶ 6. Plaintiff was paid, or supposed to be paid, on a weekly basis. *See* Pay Stub for October 30, 2022, through November 5, 2022, attached as "**Exhibit B**."

This case involves the paycheck at issue in Exhibit B, which returned for nonsufficient funds, and Plaintiff's work from October 30, 2022, through the end of his employment about December 2, 2022, for which Plaintiff received no wages whatsoever from Defendants. Ex. A, at ¶¶ 9-10.

Plaintiff worked approximately 35 hours during the workweek of October 30, 2022, through November 5, 2022. Ex. A, at ¶ 10; Ex. B. Plaintiff estimates that he worked approximately 40 hours per week during the workweeks of November 6, 2022,

November 13, 2022, and November 20, 2022. Ex. A, at ¶ 11. Finally, Plaintiff worked approximately 25 hours during the workweek of November 27, 2022, through December 4, 2022, which was his final workweek. *Id.* at ¶ 11. In all, Plaintiff worked approximately 180 hours for Defendants for which he went completely unpaid. *Id*. at ¶ 13.

These 180 hours worked translates into $1,305 in federal minimum wages ($7.25 *180), $2,304 in Arizona minimum wages ($12.80 * 180), and $4,860 in wages at his regular rate ($27 * 180) that he should have been paid during his employment. *Id.* at ¶ 14. Instead, Plaintiff received zero wages whatsoever from Defendants for such time worked. *Id.* at ¶ 15. Accordingly, the total amount of unpaid wages, without accounting for liquidated or treble damages or attorneys' fees and costs, including minimum and regular wages, is $4,860 ($27 * 180). *Id.* at ¶ 16.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel*, at 1471-72. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the

filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action. Plaintiff served Defendant Lord Pindernation (aka Michael Pinder) personally for himself and for his company, Pindernation Holdings LLC. (Docs. 5-6). Defendants were served personally and have actual knowledge of the action. *Id.* Therefore, the default was not due to excusable neglect, and the sixth factor weighs in favor of default judgment.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendants have been aware of the lawsuit since being served with it on January 18, 2023. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder).

**B.     The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).  Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

### i. Federal Minimum Wage Liquidated Damages

Plaintiff's federal minimum wage damages of $1,305 must be doubled under 29 U.S.C. § 216(b) to $2,610. This amount should be assessed against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), jointly and severally.

### ii. Arizona Minimum Wage Liquidated Damages

Plaintiff's Arizona minimum wage damages of $2,304 must be trebled under A.R.S. § 23-364(G) to $6,912. Because this amount engulfs Plaintiff's federal minimum wage damages, $6,912 is the appropriate total minimum wage award. This amount should be assessed against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), jointly and severally.

### iii. Arizona Unpaid Wages Must be Trebled

Plaintiff's unliquidated unpaid wages total $4,860 must be trebled to $14,580 under A.R.S. § 23-355. Because this amount engulfs Plaintiff's minimum wage damages, $14,580 is the appropriate total unpaid wages award. This amount should be assessed against Defendant Pindernation Holdings LLC.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $14,580. This amount is inclusive of the aforementioned federal and Arizona minimum wage damages.

The total $14,580 in unpaid wages damages award should be awarded against Defendant Pindernation Holdings LLC. ARS § 23-355.

Of that $14,580, $6,912 (Plaintiff's trebled unpaid minimum wage damages) should be awarded against both Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) jointly and severally, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require, to be discussed in the following section. 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

### C. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b)

and entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

### IV.     Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder), individually and collectively, as follows:

Against Pindernation Holdings LLC in the amount of $14,580;

Of that $14,580, against Defendants Pindernation Holdings LLC and Lord Pindernation (aka Michael Pinder) in the amount of $6,912, jointly and severally.

Plaintiff further requests that the Court allow Plaintiff to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 22nd Day of February 2023.

BENDAU & BENDAU PLLC

/s/     *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd Day of February, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via email to the following:

Pindernation Holdings LLC, via
Lord Pindernation (aka Michael Pinder), its
Registered Statutory Agent
10100 W. Montebello Ave., Suite 130-140
Glendale, AZ 85307

Lord Pindernation (aka Michael Pinder)
10100 W. Montebello Ave., Suite 130-140
Glendale, AZ 85307

*Defendants Pindernation Holdings LLC and*
*Lord Pindernation (aka Michael Pinder)*

/s/ *Clifford P. Bendau, II*